**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43811**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 712** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: September 30, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **CHASE ALLEN LAGERS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of confinement of two years, <u>affirmed</u>; order relinquishing jurisdiction, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Chase Allen Lagers was found guilty of possession of a controlled substance. I.C. § 37-2732(c). The district court sentenced Lagers to a unified term of seven years, with a minimum period of confinement of two years. Lagers expressed some concern about the rider program and requested that the district court order execution of his sentence if the district court chose not to order probation. The district court determined that probation was not appropriate and retained jurisdiction. The district court later relinquished jurisdiction. Lagers appeals from his judgment

1

of conviction, asserting that his sentence is excessive[1] and appeals from the order relinquishing jurisdiction, claiming that the district court erred by refusing to grant probation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. Lagers argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Lagers's case. The record does not indicate that the district court abused its discretion in relinquishing jurisdiction.

Therefore, Lagers's judgment of conviction and sentence and the district court's order relinquishing jurisdiction are affirmed.

---

[1]     Lagers was also found guilty of and sentenced for misdemeanor possession of drug paraphernalia. However, he does not challenge this judgment of conviction or sentence on appeal.